## COMMISSIONER OF INTERNAL REVENUE v. BARNES' ESTATE.

### SAME v. BARNES.

Circuit Court of Appeals, Third Circuit. January 11, 1929.

Nos. 3910, 3911.

Mabel Walker Willebrandt, Asst. Atty. Gen., Sewall Key and Randolph C. Shaw, Sp. Asst. Attys. Gen., and C. M. Charest and L. W. Scott, both of Washington, D. C., for petitioner.

George W. Zeigler, of Philipsburg, Pa., and John E. Cupp, of Philadelphia, Pa., for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and THOMPSON, District Judge.

BUFFINGTON, Circuit Judge. The underlying question in these cases is whether a bona fide gift of an interest in a coal-mining company partnership in Pennsylvania was made by their respective husbands to the two women taxpayers. No notice was given to the third partner of the gift, transfer to the women was not registered, and they took no part in the management; they received the profits accruing to them as partners, made income reports accordingly, and paid the tax.

The Commissioner contended the gifts were not made in good faith and assessed the tax against the husbands. On appeal, the tax board found: "We are convinced that John Barnes, Jr., and Joseph Barnes, in December, 1919, in good faith, intended to give, and did give, to their several wives their several beneficial interests in the partnership of Atherton & Barnes, and that they and their wives thereafter acted upon that basis; hence there was no fraud"—a finding supported by the evidence.

We find the tax board committed no error on holding that the Pennsylvania statutes, viz. the Uniform Partnership Act of March 26, 1915 (Pa. St. 1920, § 16596 et seq.), and the Partnership Registration Act of April 14, 1851 (Pa. St. 1920, §§ 16639, 16640), did not invalidate the gift.

The order of the tax board is therefore affirmed.