*1029 OPINION.
TRussell:
The evidence in this case shows clearly and without dispute that petitioner’s wife was the owner of one-half of the contribution made by him to the partnership assets. Respondent has not filed a brief but his theory, so far as we can gather it from the wording of the deficiency notice, is that, under the laws of Michigan, the relation of partnership can not exist between husband and wife and accordingly the contract of partnership executed in 1920 did not constitute petitioner’s wife a partner and that the result of this condition is that the total of the profits distributed to the two one-sixth interests must, for purposes of income taxation, be considered as received by petitioner and taxable to him alone.
*1030 In this theory it has been overlooked that the identity of the party taxable upon income from a partnership interest is not determined merely by the name in which such interest is held but by the ownership of the corpus of the partnership interest. Cf. C. R. Thomas, 8 B. T. A. 118.
As we view it, the income received by petitioner’s wife upon her actual interest in the assets producing such income represented income to her whether she was in law a partner or whether the partnership agreement was under state law inoperative to create, as to her, a partnership liability. It is clear that even had petitioner’s wife not been a party to the contract of partnership and the amount here in controversy been paid to petitioner as a portion of the distributive income of a partnership interest standing in his name alone, he would have received this sum merely as trustee for her, to whom it would be taxable. C. R. Thomas, supra; Stephen J. Hallahan et al., 14 B. T. A. 584; William W. Parshall, 7 B. T. A. 318; Ralph L. Hinckley, 6 B. T. A. 312; Harry P. Kelley, 9 B. T. A. 832.
The limitation of the Michigan law is for the protection of the wife. It can not be invoked to deprive her of what is hers and vest it in the husband. Cf. Elmer Klise, 10 B. T. A. 1234; Albert Kahn, 14 B. T. A. 125. In L. F. Sunlin, 6 B. T. A. 1232, where the same question here involved was raised, we quoted the court in Gillespie v. Bcecher, 94 Mich. 374; 54 N. W. 167, that: “The Married Woman’s Act was passed for the protection of married women. It was intended as a shield and not a sword. Its purpose was to enlarge her rights, not to contract them, and certainly it was not meant to deprive her of the right, either acting alone, or jointly with others, of protecting her interests in property, either real or personal.”
We hold that respondent erred in including in petitioner’s income for the calendar year 1923 the amount of $16,356.92 paid by the partnership in that year to his wife.
Reviewed by the Board.

Judgment wUl be entered for the petitioner.

SteRNi-iageN, AruNdell, and Murdock dissent.