## LARSEN v. BURNET, Commissioner of Internal Revenue.

### No. 5023.

Court of Appeals of District of Columbia.

Argued Nov. 5, 1930.

Decided Dec. 1, 1930.

Petition for Rehearing Denied Jan. 10, 1931.

Walter E. Barton and Harrison Brand, Jr., both of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, J. G. Harlan, and Helen R. Carloss, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

This appeal involves a deficiency in appellant's individual income tax for the year 1923 in the sum of $1,842.79, and is taken from an order of redetermination of the Board of Tax Appeals reported in 14 B. T. A. 160.

It appears that appellant and his wife moved to the state of Washington in 1906, at which time they possessed no money or other property. From 1906 to 1922 they lived in that state and gradually accumulated considerable property by means of wages, salary, and dividends, which under the community property laws of the state belonged one-half to appellant and one-half to his wife.

In the year 1922 appellant and one Forcia, a business associate, moved to Oregon with the intention of starting a sawmill business there. They at once formed a copartnership as Forcia & Larsen, and entered into contracts for the purchase of timber lands, and the construction of a sawmill thereon. Appellant's family soon joined him.

Appellant invested the sum of $25,662.21 in the partnership business in Oregon, of which the sum of $15,662.21 represented community property belonging in equal shares to himself and his wife, and $10,000 additional, which was borrowed by them upon their joint note.

Appellant and his wife were well informed concerning the community property law of the state of Washington, and while residing in that state they had regularly made individual income tax returns, each for one-half of their community income. These returns were approved by the Commissioner of Internal Revenue. They both rested under the erroneous belief that similar community property laws prevailed in the state of Oregon, which was not the case, and that the status of their community property and the method of reporting their taxable incomes would not be affected by their change of residence. Accordingly, after they had moved to Oregon, they considered and understood that they were equal owners in the investment in the timber lands and sawmill business of Forcia & Larsen. When appellant and Forcia purchased the timber lands in Oregon, they used their own names only, but both believed that the property when purchased became community property, as would have been the case in the state of Washington. In that state business is conducted in the name of the husband, notwithstanding the investment may consist of community property in which the wife has a vested one-half interest. Washington, Remington's Comp. Stats. 1922, § 6892.

During the year 1923 the copartnership of Forcia & Larsen realized a net income of $51,027.19, after the deduction of salaries of $5,000 each for Forcia and appellant. A partnership income return was made to the government by Forcia & Larsen for 1923, under section 224, Revenue Act of 1921, 42 Stat.

227, 250, showing a net income of $51,027.19. A sworn statement was made on the return that the distributive share of appellant was one-half and that of Forcia one-half thereof.

Acting, however, upon their mistaken belief that the community property law prevailed in Oregon, and that they should make their individual tax returns in like manner as in the state of Washington, appellant and his wife each returned one-half of $30,513.60 ($25,513.60 income and $5,000 salary), as income for the year 1923.

The Commissioner of Internal Revenue held that the entire sum should have been returned by appellant, and determined a deficiency in his return in the sum of $1,842.79. The Board of Tax Appeals sustained this determination, and this appeal followed.

In our opinion the Board's decision is correct. It is conceded by appellant that the filing of separate returns by himself and wife for 1923 upon a community property basis was unauthorized and erroneous, since such a basis was not recognized by the laws of Oregon. He contends, however, that his wife was the owner of one-half of the funds which were contributed as their share of the partnership assets, and that it was understood by and between them that she should remain the owner thereof as before. He claims accordingly that he became a trustee for her as to the one-half of the investment and also one-half of the profits accruing therefrom, and that the one-half thus received by each was properly taxable to each.

We think this argument is untenable. It is true that the wife's interest in the community property is regarded as a present vested right under the laws of the state of Washington, Henry v. Commissioner, 6 B. T. A. 131, and that this interest was not affected by the removal of the parties to the state of Oregon, Phillips v. Commissioner, 9 B. T. A. 153. It is also true that appellant was accountable to his wife under the circumstances for the investment which he was managing for her. Nevertheless appellant's wife was not an actual partner in the firm, for the copartnership consisted of appellant and Forcia alone; and the applicable statute requires that the distributive share of each partner, of the net income of a partnership shall be included in the individual return of the partner for the taxable year.

The language of the act, section 218 (a) Revenue Act of 1921, 42 Stat. 227, 245, reads in part as follows: "Sec. 218. (a) That in-dividuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year. * * *"

In Treasury Department Regulations 62, art. 331, the following ruling appears: "*Partnerships.*—Partnerships as such are not subject to taxation under the statute, but are required to make returns of income. See section 224 of the statute and articles 411 and 412. Individuals carrying on business in partnership are, however, taxable upon their distributive shares of the net income of such partnership, whether distributed or not, and are required to include such distributive shares in their returns. * * *"

This subject was considered in Mitchel v. Bowers, Collector of Internal Revenue (C. C. A. 2nd) 15 F.(2d) 287, wherein it was held, in a majority decision, that in New York a contract between a husband and his wife, entitling her to one-half of the husband's profits from a certain partnership, and making her liable for one-half of the losses, assented to by the other partners, did not make the wife a partner, since it did not give her any present interest equitable or legal in the firm's assets, and also that such a subpartnership contract did not affect the taxability of the husband's income from the original partnership under Revenue Act of 1918, § 218 (a), 40 Stat. 1070. See, also, Harris v. Commissioner of Internal Revenue (C. C. A.) 39 F.(2d) 546.

This decision is not touched upon by Commissioner of Internal Revenue v. Barnes' Estate (C. C. A. 3d) 30 F.(2d) 289, for in the latter case the wife was entitled directly to receive a share in the profits of a partnership by virtue of an assignment executed in accordance with the Uniform Partnership Act of Pennsylvania (Act of March 26, 1915), pt. 5, § 27 (1), 59 PS § 74. See Barnes' Estate, 7 B. T. A. 924.

Inasmuch, therefore, as appellant's wife was not a partner in the copartnership of Forcia & Larsen, she was not required to include in her individual return any part of the net income of the partnership for 1923. But appellant was required to include in his return the full distributive share of such net income, as the Board has held.

The decision of the Board of Tax Appeals is affirmed.