## BATTLESON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 6667.

Circuit Court of Appeals, Ninth Circuit.

Dec. 12, 1932.

F. S. Jacobsen and E. G. Toomey, both of Helena, Mont., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, S. Dee Hanson, and Morton K. Rothschild, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel and Arthur Clark, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

WILBUR, Circuit Judge.

E. W. Battleson and Caroline Battleson are husband and wife. For the year 1925 they made separate returns of income in which the receipts from certain partnerships were included. The Tax Commissioner concluded that the income from these various partnerships was the income of the husband and not of the wife, and deducted the items of income from her return, and assessed a deficiency against the husband based upon the inclusion in his account of these various partnership dividends. The husband ap-

pealed to the Board of Tax Appeals, which affirmed the action of the Commissioner, and he petitions this court for reversal of that order.

The facts are fully stated in the findings and opinion of the Board of Tax Appeals. 22 B. T. A. 455. We may briefly summarize them as follows:

The husband and wife engaged in business in Hamlet, N. D., in a copartnership consisting of themselves and petitioner's brother, A. W. Battleson. The interest of the partners in this copartnership was in proportion to their investment in the capital as follows: A. W. Battleson, $1,000; Caroline Battleson, $5,000; E. W. Battleson, $5,000. This business was sold in 1918. Under the law of North Dakota, the partnership interests of the husband and wife, respectively, were their separate property. Comp. Laws N. D. 1913, §§ 4410, 6386, 6389, 6390. Petitioner and his wife moved to Montana, where the proceeds of the business in North Dakota were invested by the petitioner in his own name in the various partnership enterprises as follows: Peterson, Battleson & Haagenson Company, Scobey, Mont.; Peterson Mercantile Company, Shelby, Mont.; Peterson & Co., Plentywood, Mont.; Battleson & Co., Scobey, Mont.; and People's Cash Store, Flaxville, Mont.—and in addition, notes, stocks, and bonds and some land were purchased. The various partnership enterprises were continued until 1925, and petitioner returned the profits of himself and wife in these various partnerships as his individual income. In the beginning of the year 1925, petitioner's wife, fearing that in case of death their affairs and property rights might become confused, requested an accounting, a partition of their property rights, and a discontinuance of the arrangement which had theretofore existed of carrying everything in petitioner's name. It was found that the assets of the husband and wife carried in petitioner's name were of the value of $104,000 as of January 1, 1925. In reference to the division of their property, we quote from the findings of the Board of Tax Appeals as follows:

"In order to effect the division of the property it was agreed that petitioner's wife should take the entire interest of both in Peterson, Battleson & Haagenson Company, Scobey, Montana; Peterson Mercantile Company, Shelby, Montana; and Peterson & Company, Plentywood, Montana, and certain notes, stocks and bonds. Petitioner was to have the remaining property of equal value, including their interest in Battleson Compa-

ny at Scobey, Montana, and Peoples Cash Store, Flaxville, Montana.

"The notes, bonds and stocks agreed upon were delivered to petitioner's wife and her name was entered upon the books of the three companies last mentioned [sic] in the capital account, instead of petitioner. This settlement was made in January, 1925, as of January 1, 1925, but her name was not substituted for that of petitioner in the capital accounts of the three firms until the latter part of 1925."

For the year 1925 the wife returned as her income from Peterson, Battleson & Haagenson, Scobey, Mont., $5,016.83; from Peterson Mercantile Company, Shelby, Mont., $2,100.44; and from Peterson & Co., Plentywood, Mont., $1,023.20. These were the three copartnerships in which it was arranged she should have the interest theretofore standing in her husband's name. In the income tax returns for the year 1925 for the various partnerships involved in this proceeding made out in 1926, each of the partnerships in which the husband had agreed to transfer his interest to his wife still showed petitioner's name as one of the partners, and did not show Caroline Battleson as a partner.

The law of Montana (Rev. Codes Mont. 1921, §§ 5786, 5792, 5811) is similar to that of North Dakota with relation to the rights of a married woman. The applicable provisions of the Code of Montana with reference to partnership property is found in sections 7981, 7983, 7984, 7985, 7988, 8009, Id. It is provided in section 8009, supra, that a general partnership is dissolved as to all the partners by the transfer to a person not a partner of the interest of any partner in the partnership property.

The Board of Tax Appeals evidently considered that the proof of a transfer of the assets of the copartnership such as would result in its dissolution was not shown by the evidence. The opinion of the Board by Commissioner Black states the matter as follows:

"It is the contention of petitioner that because there was a partition of property between petitioner and his wife in January, 1925, and she took, among other things, petitioner's interest in the partnerships of Peterson, Battleson and Haagenson, Scobey, Mont., Peterson Mercantile Company, Shelby, Mont., and Peterson & Company, Plentywood, Mont.; that, therefore, the profits in these firms in 1925 were taxable to petitioner's wife and not to petitioner. But, in considering the merits of this contention, it should be remembered that a partner has no interest in any particular part of partnership property which he can assign to a third person. All that he can assign is his share of the surplus which may remain after the payment of all partnership debts, and, under the laws of the State of Montana, the conveyance by one partner of his share in the partnership property to a third party works an immediate dissolution of the partnership. Section 8009, Revised Code of Montana of 1921, reads:

"A general partnership is dissolved as to all partners * * *

"(3) By the death of a partner.

"(4) By the transfer to a person not a partner, of the interest of any partner in the partnership property.

"In the instant case the evidence does not support the contention that there was a dissolution of the several partnerships purported to have been set over to petitioner's wife, nor that there was any agreement that her name should be substituted during 1925 in the several partnerships as a partner instead of petitioner. On the contrary, the partnership information returns filed by the several partnerships in question for the taxable year negative the idea that there was a dissolution of the then existing partnerships, and they each reported the partnership interest in question in the name of E. W. Battleson. * * *

"If the facts in the instant case had shown that at the time of partition of property between petitioner and his wife the other partners in Peterson, Battleson and Haagenson, Scobey, Mont.; Peterson Mercantile Company, Shelby, Mont.; and Peterson & Company, Plentywood, Mont., had agreed that petitioner's wife should become a partner instead of petitioner, and that she did in fact become a partner, then a new partnership would have sprung into existence from that date and the profits accruing to the interest of petitioner's wife would have been taxable to her and not to petitioner, for undoubtedly under the laws of the State of Montana a married woman can be a partner in her own right, but no such agreement is shown to have been made with the other partners.

"We think it is clear enough that petitioner's wife owned one-half of all the property, but in T. V. Larsen, 14 B. T. A. 160, we held that where the husband is partner in a partnership he should return all his distributive share of the partnership profits, even though the wife may be the actual owner of one-half of the property used in the partnership. * * *

"From the evidence before us, the earliest that we would be justified in finding that Caroline Battleson became an actual partner in the several firms mentioned herein was in 1926, and 1926 is not before us."

There is no clear evidence of a transfer of the property of the petitioner in the partnerships involved herein such as would work a dissolution thereof.

Petitioner testified that the partnership between himself and wife "was dissolved in 1925 by her taking over a part of the assets of the copartnership. She took over the interest in the Peterson, Battleson, Haagenson Company at Scobey, the Peterson Company at Shelby, and some notes, stocks, and possibly some bonds; and I took over the Battleson Company at Scobey, the Peoples Cash Store at Flaxville, some lands, and some stocks, cash and bonds. The dissolution of partnership was effected in January of 1925 and from that date to this date I have never claimed an interest of any kind nor do I own an interest of any kind in the Peterson, Battleson, Haagenson Company of Scobey, the Peterson Company of Shelby, nor any of the stocks, bonds or notes that Caroline Battleson took over; and from January, 1925, Caroline Battleson does not own or claim any interest in the Battleson Company of Scobey. She does claim interest in the Peoples Cash Store of Flaxville, but that has been sold. However, she obtained that interest a year later; some time in 1925 she took over my interest in the Peoples Cash Store at Flaxville by buying it from me with her own money, and at this time I do not claim any interest in the Peoples Cash Store at Flaxville and it has been closed up. * * *

"We decided we were going to separate the assets and in doing that we employed an accountant and figured up about what the total assets were and split fifty-fifty. There was no agreement drawn up or anything; all that was done, her name was to be inserted instead of mine. No other person was present at these conferences except Mr. Stenehjen. * * * Other people knew about it, they were told about it, but they were not taken in on the split-up at all. There was no writing of any kind between myself and my wife in this regard, and there was no agreement as to separation of interests prior to and after the agreement in 1925. There was no agreement that the income to be received by both should more or less equalize itself."

H. O. Stenehjen, who audited the accounts of petitioner and wife, testified that petitioner's interest in the partnerships in question was "set over as belonging to her," and that later it was shown on the books of the copartnerships. He testified, " * * * After the division or dissolution, or whatever you call it, I made that entry to show who the partners were." The entry of the name of the wife was made at or near the end of the calendar year.

If the evidence had clearly disclosed that the partnerships wherein petitioner set over his interest to his wife were dissolved by the conveyance of his interest therein to his wife, no doubt, from and after such conveyance of his whole interest therein, the profits thereafter accruing, either from the efforts of the other partners in liquidation, or by reason of a new partnership expressly or impliedly recognizing the wife as a partner in place of the petitioner, would belong to her and be taxable to her as her income and not to the petitioner as his income. Hoeper v. Tax Commission, 284 U. S. 206, 52 S. Ct. 120, 76 L. Ed. 248. But the mere equitable ownership of the wife in the partnership interest standing in the name of her husband by reason of an agreement on the part of her husband to transfer the property to her would not prevent the application of the rule recently announced by the Supreme Court in Burnet v. Leninger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665, where the husband transferred to his wife one-half his interest in the partnership, and the husband nevertheless remained the ostensible and active partner in the business.

If we assume that, from and after the entry of the name of the wife on the books of the copartnership as owner therein of the share formerly owned by her husband, she was recognized as a copartner in the place and stead of her husband, and therefore was entitled to her proportion of the profits, no evidence was submitted to the Board of Tax Appeals to show the amount of such income during such period of 1925, and the burden was upon the petitioner to furnish that evidence.

Order affirmed.