## MORTON v. THOMAS.
### No. 11779.

Circuit Court of Appeals, Fifth Circuit.
Dec. 6, 1946.

Rehearing Denied Jan. 7, 1947.

Writ of Certiorari Denied March 10, 1947.
See 67 S.Ct. 970.

Homer J. Fisher, O. D. Brundidge, and L. E. Elliott, all of Dallas, Tex., for appellant.

Helen Goodner and Sewall Key, Sp. Assts. to Atty. Gen., and Douglas W. McGregor, Asst. Atty. Gen., and Robert B. Young, Jr., U. S. Atty., of Fort Worth, Tex., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for refund of income taxes paid for 1938 to 1941, inclusive, on the basis of returns, made for those years, of income derived from the partnership of Morton Potato Chip Company, a partnership composed of taxpayer and L. M. Mitchell.

The claim was that instead of returning the sixty per cent of the partnership income earned by the Morton interest, one-half to him and one-half to his minor daughter, Loumelia Jane, as the heir of her mother's one-half community interest, as he ought to have done, he had mistakenly returned the whole income as his.

The defense was that all and not merely one-half of the Morton share of the partnership income was income of plaintiff and was properly returned and paid on by him as his. In addition, as to the tax years 1938 and 1939, the defense of limitation was interposed.

Plaintiff was the only witness. With community property and community efforts, he, in 1932, established a business known as the Morton Potato Chip Company. In 1937, he took L. M. Mitchell into partnership with him on a basis of sixty percent to Morton, forty percent to Mitchell. In 1938, Mrs. Morton died. At that time the Morton interest in the partnership was worth approximately $27,000. At the time of the trial, its value had greatly increased. Until Mrs. Morton's death, he had treated and returned the income from the business as the community property of himself and wife and paid taxes accordingly. After her death, the partnership continued without change, and, until 1944, Morton, both on the partnership books and in his income tax returns and payments, treated all of the income from the partnership as his own. In that year, on the advice of a tax expert, that his daughter was the owner of half the income, he started making returns on his portion of the partnership income, one-half for her and one-half for himself, and then filed the claims for refund which are the basis for this suit.

The district judge, finding that Loumelia was not a member of the partnership and, therefore, not obligated or entitled to return as her income any part of its earnings, gave judgment for the defendant.

Appellant has briefed the case as though the questions at issue were the liability of Morton or the partnership to Loumelia as

her trustee or debtor, and has cited many Texas cases and authorities [1] dealing with these questions.

The answers to these questions, while interesting enough in themselves, are without bearing on the determination of the question at bar here, which is simply and solely whether as between the government and himself, the income of Morton, the partner, was taxable to him.

The case is a very simple one, and we think it quite clear that the district judge was right.

Under the applicable provisions of the Internal Revenue Code, [2] the only persons taxable on income from a partnership are the partners. It is not claimed that Loumelia was a partner. On this record it could not be. In addition to the fact that she is a minor and cannot make a binding agreement, there is not one syllable of testimony that she ever agreed, or that anybody agreed for her, to act as, or be, a partner. Morton and Mitchell are the only partners. They, and they alone, must return and pay the tax on income from the partnership. [3]

The taxes for the years in question were not overpaid. The claims for refund as to all of them were properly denied. In view of our determination that this is so, it is unnecessary to, and we do not, decide whether limitation has barred recovery for the years 1938 and 1939.

The judgment is affirmed.

[1] Speer's Law of Marital Rights in Texas, Sec. 648, at p. 817, is cited to this effect: "While upon the death of the wife her interest in the community descends and vests immediately in her heirs, it will not have the effect of dissolving a partnership of which her husband is a member and in which such community property is invested. The firm will become liable to the children as a trustee if it uses their property."

Other cases are cited to the effect that the legal title to the community interest of a decedent rests immediately in the children and that they and the survivor are not beneficiaries and trustee but tenants in common, and upon the payment of community debts, "The survivor is not entitled to use the funds or community assets for his own private use, but holds same in trust for the benefit of the true owners thereof. Speer on Marital Relations. p. 824, § 656," Grebe v. First State Bank of Bishop, 136 Tex. 226, 150 S.W.2d 64, 67.

Cases are also cited dealing with the liability of a father with respect to community property which, instead of distributing to his children, he has continued to handle as a whole after the community debts have been paid and there is no necessity for further community administration.

[2] "Section 181. Partnership not taxable. Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity." 26 U.S.C.A. Int.Rev.Code, § 181.

[3] Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665; Larsen v. Burnet, 60 App.D.C. 158, 50 F.2d 308.