### UNITED STATES v. ATKINS.
### No. 13326.

United States Court of Appeals
Fifth Circuit.

May 1, 1951.

Judgment Set Aside on Rehearing
Aug. 31, 1951.

Helen Goodner, Ellis N. Slack, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Wm. J. Fleniken, U. S. Atty., Shreveport, La., for appellant.

William H. Bronson, Shreveport, La., for appellee.

Before HOLMES, McCORD and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment granting recovery in a suit brought by the taxpayer for the refund of $8054.95, alleged to have been illegally collected from him by the government for federal income taxes for the year 1943. The facts as found below were as follows:

In 1943, and during prior years, the taxpayer, a resident of Shreveport, Louisiana, was the managing partner of a gasoline refining company in Texas. He made investments in oil and gas royalties, operated an 8500 acre farm, and made other investments that consisted primarily of supplying capital to individuals. Over a period of years, he made investments in three business enterprises that are indirectly involved in this litigation. In 1935, R. R. Brinkmann, who had been in the business of marketing petroleum products for many years, entered into a partnership with the taxpayer, under the name of Highland Oil Company, to engage in the marketing of petroleum products. The taxpayer supplied the capital, and Brinkmann managed, operated, and controlled the business. The taxpayer received financial statements monthly, and supplied additional capital when it was needed. Profits and losses were shared on a 50% basis.

In 1943, J. B. Saunders, R. R. Brinkmann, and the taxpayer, entered into a limited partnership under the name of Triangle Refineries, Limited, for the purpose of marketing petroleum products. The partnership agreement designated Saunders as the managing partner, with full and complete charge of the business. Saunders owned 50% of the business, and Brinkmann and the taxpayer owned 25% each. Also, the taxpayer financed B. S. DeMering in a dehydrating business, which became the Petroleum Dehydrating Company in 1943. The taxpayer owned a 60% interest in the Dehydrating Company.

The taxpayer, having in mind the idea of forming a partnership with his son, consulted each of his three operating partners, Brinkmann of Highland Oil Company, Saunders of Triangle Refineries, Ltd., and DeMering of Petroleum Dehydrating Company, and advised them that he wished to transfer his ownership in those businesses to a partnership composed of himself and his son. Each partner consented to the transfer. Brinkmann suggested that the taxpayer's name be left on the books of Highland Oil Company as owning the interest, stating that if that were done, it would eliminate the necessity of explaining to Highland's creditors about the Atco Investment Company, which was to be the name of the partnership between the taxpayer and his son, The other companies adopted the same procedure, and the taxpayer's interest in each of the three operating businesses, which he transferred to Atco Investment Company, remained on the books of the respective partnerships in the name of the taxpayer.

On July 1, 1943, the taxpayer and his 18 year old son, who had been relieved of his disabilities of minority, entered into a partnership under the firm name of Atco Investment Company. The agreement provided that the taxpayer was to contribute 75% of the capital, and his son was to contribute 25%. The profits and losses were to be shared in the same proportion. The taxpayer contributed, as his part of the capital, his equities in the Highland Oil Company,

416

the Triangle Refineries, Ltd., and the Petroleum Dehydrating Company, all of which amounted to a computed value of $124,276.07. The son contributed $21,758.68 in cash, $3000 in government bonds, and 25 shares of stock valued at $16,666.67 in the Hanlon Gasoline Corporation, which his father had given him in 1940. The total value of the son's contributions to the firm's capital was $41, 425.35. Another of the provisions of the partnership agreement required the partners to endorse over to Atco Investment Company any checks received by them from companies owned in part by Atco, but which stood on the books of those companies in the name of one of the partners of Atco. After the formation of the partnership, the taxpayer and his son had the agreement filed and recorded in the public records of Caddo Parish, Louisiana. A bank account was established in a Shreveport bank on the bank's standard form of partnership agreement, providing for the withdrawal of funds on the signature of either partner.

Shortly after the partnership was formed, an investment was made in a business formed to manufacture carbonated beverages. L. J. Franklin, who had been in the bottling business for many years, learned that he could get the franchise for five East Texas counties; so he went to the taxpayer for assistance in financing a company to exploit the franchise. The taxpayer agreed for Atco Investment Company to invest in the venture, and advanced $15,000 to be used in purchasing property and constructing a plant. A partnership agreement was drawn up under the name of 7 Up Bottling Company of Carthage, but Atco Investment Company's interest was put in the taxpayer's name.

In 1944, the taxpayer filed his income and victory tax return for 1943, in which he reported a tax liability of $57,451.07, and at that time paid that amount. In 1945, in making a deficiency assessment, the government disregarded the existence of the partnership between the taxpayer and his son, and included in the taxpayer's income for 1943 that portion of the partnership income distributable to the taxpayer's son. To avoid the imposition of penalties and further interest, the taxpayer paid the $14,515.93 assessment plus the interest that had accrued thereon. In 1947, he filed a claim for a refund of $8,054.95. More than six months elapsed without the claim being granted or denied; whereupon, this suit was filed in the court below, which allowed a recovery for the taxpayer on the ground that no part of the income of Atco Investment Company due the taxpayer's son should be taxed to the taxpayer. The government appealed to this court.

The question of primary concern to us is whether the taxpayer, when he contributed his partnership holdings in the Highland Oil Company, the Triangle Refineries, and the Petroleum Dehydrating Company, as capital to the Atco Investment Company, in which he had joined with his son as a partner, thereby made the Atco Investment Company a partner in the above named partnerships to replace himself. Stated another way, did the taxpayer remain a partner in the several partnerships in question, even though he contributed his equity in such partnerships as capital to a partnership formed between himself and his son?

We are of the opinion that the taxpayer remained a partner in the several partnerships in question, and should be taxed on his distributive share from such partnerships. The law is well settled that a partner remains taxable on his full share of income from a partnership of which he is a member even though he assigns a part of his interest to another, unless such assignee actually becomes a partner in the original enterprise.[1] It is evident to us from a reading of the partnership agreement relating to Atco Investment Company, and a consideration of all relevant testimony, that it was never intended that Atco Investment Company or the taxpayer's son should become partners in the three original partnerships involved here. The lower court made no finding of fact to that effect, and we are not able to find from this record that the Atco Investment Company became

1. Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665; Morton v. Thomas, 5 Cir., 158 F.2d 574.

a partner in these other partnerships. As a matter of fact, the evidence is to the contrary. The tax returns of all these partnerships (Highland Oil Company, Triangle Refineries, Petroleum Dehydrating Company, and 7 Up Bottling Company) showed that the taxpayer was their partner, and made no mention of the son or Atco Investment Company. The checks representing the distributive share of the profits of the Triangle Refineries were made payable to the taxpayer and other partners. The taxpayer was consulted about the use and investment of partnership funds, whereas his son was never consulted. The taxpayer's name appears on all the partnership agreements as a partner, though it is explained, as far as Highland Oil, Triangle Refineries, and Petroleum Dehydrating Company, are concerned, that the partners asked that his name be left there when he notified them that he was entering into a partnership arrangement with his son; and no explanation is given as to why the taxpayer allowed his name, instead of Atco Investment Company's, to be used in the partnership agreement with 7 Up Bottling Company, which was entered into after the formation of the Atco Investment Company.

We find no evidence that the taxpayer's son ever at any time discussed the arrangement with any of the partners in the several partnerships. Nor do we find where any of the other partners consented to either the son's or Atco's being substituted for the taxpayer as a partner. Article 2871 of the Civil Code of Louisiana provides that "Every partner may, without the consent of his partners, enter into a partnership with a third person, for the share which he has in the partnership, but he cannot, without the consent of his partners, make him a partner in the original partnership, should he even have the administration of it." The requisite consent referred to in the foregoing statute obviously is to the making of a third person a partner in the original partnership. We can find no such consent from the evidence in the record before us. The mere consent to the transfer of the equity of a partner, plus his right to share in the profits, does not amount to consent to the substitution of a new partner or addition of a partner to the partnership.

Reversed.