## UNITED STATES v. ATKINS.

### No. 13326.

United States Court of Appeals
Fifth Circuit.

Oct. 30, 1951.

952

Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack and Helen Goodner, Special Assts. to the Atty. Gen., and Wm. V. Fleniken, U. S. Atty., Shreveport, La., for appellant.

William H. Bronson (Tucker, Bronson & Martin), Shreveport, La., for appellee.

Before HOLMES, McCORD, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

The appellant's petition for rehearing correctly interprets our opinion of August 31, 1951, as not an abandonment of our former holding that neither Atco nor the son became partners in the operating partnerships, and that appellee continued as the partner therein. Now, for the purposes of its petition for a rehearing, the appellant accepts this court's holding that Atco was a valid partnership and that appellee's son was entitled as a partner to share in its income. Thus for the purpose of the present petition for rehearing, and therefore for tax purposes, we have two valid partnerships, in each of which the appellee is a member.

Under Sections 181 and 182 of the Internal Revenue Code, 26 U.S.C.A. §§ 181, 182, the appellee was required to include in his individual income tax returns his distributive share of net income derived from the operating partnerships; also, by the same sections, he was required to include in his individual income tax return his distributive share of net income derived from the Atco Investment Company, a partnership or joint venture entered into by appellee with a third person in accordance with Article 2871 of the Civil Code of Louisiana. Appellee was required to make such individual return as to each partnership of which he was a member whether or not distribution was made to him, but not if he retained no beneficial interest in the operating partnerships and was a partner in name only. To tax all his distributive share of net income from the operating partnerships to the appellee, and also three-fourths of the net income of Atco, would be to fail to accord to the joint venture between the taxpayer and his son the tax recognition to which it is entitled as a valid partnership. Though not a member of the operating partnerships, the Atco Investment Company was equitably entitled to receive the entire net income from the appellee's share in said operating partnerships, because Atco was the beneficial owner thereof, since appellee had not simply assigned income but had assigned his entire equitable interest therein. After this assignment was made, appellee retained only a naked legal title to said share.

Section 183 of the Internal Revenue Code, 26 U.S.C.A. § 183 (with certain exceptions not pertinent here) provides that the net income of partnerships shall be computed in the same manner and on the same basis as in the case of an individual. An equitable interest in a partnership is a vendible asset, the income from which is computable in the same manner and on the same basis as any other property, the legal title to which is in a naked trustee. The partnership return may state the nominal partners only, but the individual return of any such member may

disclose additional facts, and if the income from a share in the partnership is ultimately received by the equitable owner thereof, and all income taxes paid thereon by the real beneficiary thereof, the nominal partner is not also liable. The following from the opinion of the court in Rupple v. Kuhl, 7 Cir., 177 F.2d 823, at page 826, is applicable here: "As the District Court aptly stated [81 F.Supp. 318, 321], 'The statutes accord a joint venture the same tax treatment as a partnership'. That each venturer is entitled to recognition for tax purposes was established by Tompkins v. Commissioner, 4 Cir., 97 F.2d 396. Decisions of the Tax Court are in accord with the decisions of the lower court to the effect that the income from a partnership interest which is owned by parties to a joint venture is taxable proportionally to the members of the joint venture. See Hinckley v. Commissioner, 6 B.T.A. 312; Wing v. Commissioner, 17 B.T.A. 1028; Tuthill v. Commissioner, 22 B.T.A. 887. That these decisions antedate the decision in Burnet v. Leininger [285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665], supra, does not weaken their authority, for, as has been pointed out, in the Leininger case the husband and wife were not participants in a joint venture. In this case, to tax all the income from the partnership interest to the taxpayer would be to fail to accord to the joint venture between the taxpayer and his wife the tax recognition to which it is entitled under the statute and which it received in the court below."

The petition for rehearing is denied.

Denied.

RUSSELL, Circuit Judge (dissenting).

In this case we have, with no disagreement, reached two diametrically opposed conclusions. Upon our first consideration we determined and adjudged that Atco Investment Company did not become a partner in the operating partnerships which earned the income sought to be taxed by the Government against the appellee. We then held that since the appellee remained a partner in the several partnerships in question he was legally subject to payment of taxes on his distributive share received from such partnership. We accordingly re-versed the judgment of the trial court holding to the contrary. Upon consideration of a motion for rehearing filed by the taxpayer we did not disturb our finding as to who were the partners in the operating partnerships but, even so, reached a contrary conclusion on the liability of Mr. Atkins, Sr. for the payment of the taxes in question and affirmed the judgment of the trial court. Now, upon the Government's petition for rehearing asserting that our last determination is legally incorrect, we each face the question of which of our former unanimous rulings are correct. My colleagues are of the opinion that our last ruling is correct and consequently they follow it. Considering the case in the light I now have, the matter appears differently than it did in the glimmer of my consideration of our second adjudication. I am convinced that our first determination was legally correct and I therefore return to it. I am of the opinion that we were in error in our last opinion, written on the taxpayer's petition for a rehearing, in giving controlling effect to the validity of the Atco Investment Company as a partnership. The principles of the Culbertson case, Culbertson v. C.I.R., 337 U.S. 733, 69 S.Ct. 1210 there relied upon are not properly involved in this case.

As we determined and declared in our first opinion [189 F.2d 414, 416], "The question of primary concern to us is whether the taxpayer, when he contributed his partnership holdings in the Highland Oil Company, the Triangle Refineries, and the Petroleum Dehydrating Company, as capital to the Atco Investment Company, in which he had joined with his son as a partner, thereby made the Atco Investment Company a partner in the above named partnerships to replace himself. Stated another way, did the taxpayer remain a partner in the several partnerships in question, even though he contributed his equity in such partnerships as capital to a partnership formed between himself and his son?

"We are of the opinion that the taxpayer remained a partner in the several partnerships in question, and should be taxed on his distributive share from such partnerships. The law is well settled that a partner remains taxable on his full share of in-

954

come from a partnership of which he is a member even though he assigns a part of his interest to another, unless such assignee actually becomes a partner in the original enterprise.[1]  1.  Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665; Morton v. Thomas 5 Cir., 158 F.2d 574."

I think we should grant the petition of the Government for a rehearing, set aside the judgment of affirmance which the majority now reaffirms, and reinstate our former judgment of reversal.  I therefore respectfully dissent from the denial of the petition for rehearing.