## SOMMERS v. COMMISSIONER OF IN-TERNAL REVENUE.

No. 62, Docket 21774.

United States Court of Appeals
Second Circuit.

Petition Filed Jan. 23, 1952.

Decided March 31, 1952.

H. H. Nordlinger and Simon J. Hauser (of Norlinger, Riegelman & Benetar), New York City, for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., for respondent.

Before SWAN, Chief Judge, and L. HAND and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

 Our opinion in this case was handed down on January 8, 1952, 2 Cir., 193 F.2d 609, and on January 23rd the petitioner filed a petition for a rehearing, which we denied on February 13th in a memorandum in which, however, we asked for "briefs upon the question whether the taxpayer should not be entitled to deduct from his income so much of the firm's earnings for the year 1944 as is properly to be appraised as the contribution of the property represented by the wife's corporate shares as contrasted with the contribution of the taxpayer's services." The petitioner had not indeed raised this question, but it appeared to us proper to decide it in the interest of justice. The situation is not within the case of Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, on which the Commissioner relies; but it is within those dealt with in Rupple v. Kuhl, 7 Cir., 177 F.2d 823, and United States v. Atkins, 5 Cir., 191 F.2d 146; Id., 5 Cir., 191 F.2d 951, and we agree with the doctrine which they lay down. When the firm was set up in 1943, Mrs. Sommers was a party to an agreement that she should exchange her shares in the corporation for one-third of the corporate assets, and that she should then assign these to her husband, who should in turn contribute them to the firm as his third of the firm assets. We have already held that this was done under the old agreement between the spouses of 1932, under which she was to receive in exchange for the purchase of her shares one-half of his "earnings" on the venture. That was quite a different agreement from one by a husband merely to assign to his wife a part of his distributive interest in a going firm.

True, we cannot see any distinction between the situation here and those before the court in Larsen v. Burnet, 60 App.D.C. 158, 50 F.2d 308 and Battleson v. Commissioner, 9 Cir., 62 F.2d 125; on the other hand, we cannot see any reason why there should not be a "subventure," so to say, between a partner and his wife or any third person, provided that it be by agreement made before or at the formation of the firm, and that the share to be received out of the firm earnings be a consideration in good faith for the use of property by means of which the partner makes his contribution to the firm assets. That appears to us to be as legitimate a deduction from the partner's distributive share, as though the agreement had provided for the payment of interest, which the Commissioner himself allowed as a deduction. Moreover, even though the taxpayer did not prove the value of the use of his wife's contribution, the Tax Court was not to deny him any deduction whatever. Helvering v. Taylor, 293 U.S. 507, 55 S.Ct. 287, 79 L.Ed. 623.

 However, we shall not attempt ourselves to appraise the value of the use of that contribution, but we shall remand the cause to the Tax Court for that purpose. The taxpayer argues that, after the amendment of 1949 to § 1141(a) of the Internal Revenue Code [1] it is no longer true that we may never make a finding of fact; and that therefore we should now find what was the value of the use. We will not say that, if the evidence in a record is so plain that any other finding would be "clearly erroneous," we may not supply the necessary finding; but the evidence in this record is far from being conclusive enough for such a purpose. In remanding the case we say no more than that the Tax Court will not be bound to accept Sommers' salary and bonus while the corporation was in existence, as conclusive evidence of the value of his services to the firm in 1944. Nor will it be bound to hold that the earnings which were impounded in the stock dividend declared in 1940 were not "earnings" within the meaning of the contract of 1932. The fact that the stock dividend was a "non-

1. § 1141(a), Title 26, U.S.C.A.

recognizable" transaction in computing income is not necessarily final. In short, the Tax Court will be free to decide, without intimation from us of any kind, what is the proper deduction allowable to Sommers for the use in 1944 of his wife's interest in the assets which she assigned to him in 1943 and which he in turn contributed as his share in the firm assets. On that issue he will have the burden of proof.