### FORMAN v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 13081.

United States Court of Appeals
Ninth Circuit.

Nov. 5, 1952.

George W. Mead, S. J. Bischoff, Portland, Or., for petitioner.

Charles S. Lyon, Asst. Atty. Gen., A. F. Prescott, Fred E. Youngman and Harry Baum, Special Assts. to the Atty. Gen., for respondent.

Before DENMAN, Chief Circuit Judge, HEALY, Circuit Judge, and HARRISON, District Judge.

HARRISON, District Judge.

*This is a petition to review a decision of the Tax Court which determined that no partnership existed between petitioner and his wife for income tax purposes during the year 1945. The deficiency amounted to $18,983.55.*

The record discloses that on October 1, 1941, petitioner married his present wife, Marion. She had about $14,000, the proceeds of an insurance policy on the life of her deceased former husband.

Prior to 1940, the petitioner was employed by his brother, William Forman, as manager of a theatre at a salary of $50 or $60 per week.

At the time of said marriage, petitioner and his brother, William Forman, had become partners in the operation of two theatres, entirely financed by petitioner's said brother. While the two theatres so purchased constituted partnership assets, the title was taken and remained in the name of William, and the leases to the premises in which the theatres were operated were executed by William in his own name. This partnership was an attempt to establish the petitioner on his feet financially.

The initial venture was successful and they desired to expand their operations by acquiring additional theatres, but they had no capital with which to do so. The petitioner was without capital or credit. Petitioner talked to his wife about making a loan to be used by him as a capital contribution to the partnership. She agreed to

make a loan of $13,000 to petitioner on condition that he give her a note for $13,000, drawing five per cent interest, bearing the endorsement of the brother William, who was a financially responsible person, and coupled with an oral agreement that she would be given an interest in the business commensurate with the amount loaned. The brothers agreed to this condition.

William objected to the wife's becoming a member of the partnership, but agreed that if the marriage was successful, his brother and wife could make their own arrangements between themselves.

The wife's loan was actually the important money. It went into theatres which were money-makers and enabled the partnership to expand and prosper. It enabled her husband to get on his feet. It was in a sense a "grubstake" and furnished the sinews for what was to become a successful business enterprise.

The parties procrastinated, talking about fixing the wife's interest in the theatre business, but doing nothing tangible.

In 1944, a son, Stephen, was born to the petitioner and his wife. Thereupon she insisted her rights in the business be established for the protection of her said son in the event of her death. As a result, a partnership agreement was entered into between petitioner and his wife on March 1, 1945, said partnership being named the "Stephen Operating Company". The sole assets of said partnership was petitioner's legal one-half interest as a partner in the Forman Brothers partnership.

When the contract was executed, the promissory note was destroyed. William Forman was thus released from his liability under the note. William Forman was aware of the reduction to writing of the oral understanding between petitioner and his wife. In fact, the records of the Stephen Operating Company and Forman Brothers were kept by the same bookkeeper in the same set of books, and all withdrawals from the Forman Brothers partnership were payable to either William Forman or the Stephen Operating Company. None were paid direct to the petitioner.

From these facts the Tax Court determined that the division of profits between petitioner and his wife under the agreement of March 1, 1945, was a phantom agency and invalid for income tax purposes.

We are of the opinion that the Tax Court has overlooked and omitted salient and undisputed facts in its Findings of Fact and Conclusions of Law, which, if established to the satisfaction of that Court, may alter their decision.

There is no contradiction to the testimony of four witnesses that the agreement of the wife to make the loan of $13,000 was predicated upon the promise that she would have an interest in the partnership business. There is substantial evidence in the record that the partnership agreement of March 1, 1945, between petitioner and his wife was the fulfillment of oral promises made at the time of the loan and was, in part, the consideration therefor. The partnership agreement was backed by a substantial consideration in cancelling the note, which had been augmented by the accrued interest amounting to about $4500. These obligations thus became capital.[1]

■■ This was a valid and enforcible contract.[2] Petitioner was liable to his wife for 40% of the partnership assets and earnings of Forman Brothers. Yet, under the ruling of the Tax Court, he would have to pay to his wife 40% of said earnings, pay income taxes on the entire amount, and the wife would then become liable to pay an income tax on her 40%. The presumption against double taxation is always present.[3]

The wife had an investment of not less than 40% in her husband's interest in the

1. Cobb v. Commissioner, etc., 6 Cir., 185 F.2d 255, 259.

2. United States v. Atkins, 5 Cir., 191 F.2d 146, rehearing denied 5 Cir., 191 F.2d 951; Rupple v. Kuhl, 7 Cir., 177 F.2d 823; Replogle v. Neff, 176 Okl. 333, 55 P.2d 436; Nirdlinger v. Bernheimer, 133 N.Y. 45, 30 N.E. 561; 40 Am.Jur. 135; 68 C.J.S., Partnership, § 38, page 460.

3. United States v. Supplee-Biddle Hardware Co., 265 U.S. 189, 195–196, 44 S. Ct. 546, 68 L.Ed. 970; Maass v. Higgins, 312 U.S. 443, 449, 61 S.Ct. 631, 85 L.Ed. 940.

partnership of Forman Brothers. The petitioner had agreed to pay her 40% of the profits from said partnership. She is entitled to this amount, and it appears immaterial how it is treated, as interest on her invested capital or as her earnings from the joint venture or sub-partnership. In either event, the petitioner appears to be entitled to credit for this outlay.[4]

■ Since the Tax Court's decision on May 21, 1951, at least three Circuit Courts [5] have given a more realistic approach to somewhat similar situations where wives have made substantial contributions to the successful business enterprises of their husbands, thus recognizing the trend that all business relations between husband and wife are not shams taxwise. It is the duty of those charged with the responsibility to pierce the false, but not preclude or penalize the good wife who aids her husband by the investment of her talents or her money in him in the hope it will advance their mutual desires for a more secure future.[6]

In this respect, it might be noted that the three Circuit Court cases just cited were decided after Congress adopted 26 U.S.C.A. § 191, entitled "Family Partnerships". The House and Senate Reports concurred in finding such additional section was necessary to curb the Tax Court in its erroneous interpretation, since the Culbertson decision, of 26 U.S.C.A. § 182.[7]

■ In Paragraph VIII the Petition, in part, alleged:

"Prior to March 1, 1945, taxpayer and his wife, Marion Forman, entered into a partnership agreement covering the operations of the theatre business in which the taxpayer had an interest, the wife of said taxpayer having advanced substantial sums of money for the establishment of such business from sources entirely independent of the taxpayer and which advances enabled taxpayer to establish the business which resulted in the earnings which the Commissioner is now attempting to arbitrarily allocate to the taxpayer;"

This allegation was denied on information and belief in the Answer. This presented a material issue upon which there was no finding of fact. Upon a further hearing, the Tax Court may find that Marion Forman had a substantial interest in the ownership of the petitioner's interest in Forman Brothers, a co-partnership, and that such interest should be recognized taxwise.[8]

The Commissioner lays great stress on the Ninth Circuit case entitled Battleson v. Commissioner, etc., 62 F.2d 125, which involved a situation somewhat similar to the case at bar. However, it is not necessary to approve or disapprove the decision in that there was there not present, and here present, a prior agreement of husband and wife to engage in a joint venture. This case was distinguished in Rupple v. Kuhl, 7 Cir., 177 F.2d 823, 826, in the following language:

"Of other cases relied on by defendant, Larsen v. Burnet, 60 App.D.C. 158, 50 F.2d 308, and Battelson [Battleson] v. Commissioner, 9 Cir., 62 F.2d 125, involve factual situations most closely analogous to that of the present case. But in neither of them, in both of which the husbands entered into partnerships, using the separate funds of their wives, was there a prior agreement which constituted the husband and wife joint venturers with respect to the partnership interest. And in none of the cases cited by defendants

---

4. Sommers v. Commissioner, etc., 2 Cir., 195 F.2d 680.

5. Dorzback v. Collison, 3 Cir., 195 F.2d 69; Sommers v. Commissioner, etc., supra Note 4; Wellington v. Commissioner, etc., 7 Cir., 196 F.2d 421. See also, Simms v. Commissioner, etc., 28 B.T.A. 988, 1027–1028.

6. Commissioner, etc., v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

See Mr. Justice Frankfurter's concurring opinion.

7. See Revenue Act of 1951, U.S.C.Congressional and Administrative Service, pp. 2934 and 3129, Vol. 9. 25 R.C.L., Sec. 275, p. 1048; 50 Am.Jur., p. 329. Hubbell v. Commissioner, etc., 2 Cir., 150 F.2d 516, 522, 161 A.L.R. 764.

8. Wellington v. Commissioner, etc., 7 Cir., 196 F.2d 421, 425.

was the wife, by the express provisions of the Internal Revenue Code, subject to tax liability on the income which the commissioner taxed to her husband (and this regardless of whether or not she actually received such income), as is the wife in this case by virtue of the application of the provisions of Section 182 to the joint venture in which she and her husband were equally interested."

In Sommers v. Commissioner, etc., 2 Cir., 195 F.2d 680, which was very similar to the case before us, the Court flatly refused to follow the lead of the Battleson case.

In the Findings, the Tax Court places importance on the fact that petitioner, in 1943, endeavored to take advantage of the Oregon statutes concerning community property, which were subsequently declared invalid. But we fail to see how it affects the validity of the agreement of 1945.

The decision of the Tax Court determining a deficiency herein is vacated, and the cause is remanded to the Tax Court for further proceedings not inconsistent with this opinion.