## JONES v. BAKER.

No. 4182.

United States Court of Appeals
Tenth Circuit.

May 21, 1951.

Irving I. Axelrad, Washington, D. C. (Theron Lamar Caudle, Ellis N. Slack, Helen Goodner, Carolyn R. Just, all of Washington, D. C., and Robert E. Shelton, Oklahoma City, Okl., on the brief), for appellant.

Roy C. Lytle, Oklahoma City, Okl. (D. I. Johnston, Oklahoma City, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The question presented here is whether the taxpayer, Schaaf Baker, and his wife were business partners for income tax purposes during the taxable years 1943 and 1944. When the Commissioner of Internal Revenue denied the partnership, the additional tax was paid, and this suit was brought in the United States District Court for the Western District of Oklahoma to recover the same. The trial court held that they were partners for the years in question, and the Collector has appealed on the following undisputed facts.

George F. Wacker and his wife were the owners of a variety store in Pauls Valley, Oklahoma. Over a period of years, additional stores were added at various towns in Texas and New Mexico. Wacker and his wife continued to be sole partners in the original store at Pauls Valley, but the remaining fifty-five stores were owned by thirty-one separate partnerships, the Wackers having an interest in each in varying amounts. The original store was eventually converted into a home office or warehouse for the entire chain, where all of the merchandise was purchased and distributed to the individual stores. The stores were charged a small percentage by the home office for administration, financing and buying services.

The taxpayer here, Schaaf Baker, went to work for the Wackers at the home office or warehouse when he was a small boy, and was in continuous employment there, except during the period when he was in the armed services in World War II. He was paid a salary, and from time to time was permitted to purchase fractional partnership interests in some of the stores at book value. On December 31, 1942, he was the owner of one-fourth partnership interests in four stores in Texas, and one-fifth partnership interests in two stores in New Mexico. The taxpayer had nothing to do with the operation and management of the stores owned by the partnerships.

All of the partnership agreements provided, inter alia, that in the event taxpayer should die, the surviving partners had the right to acquire his interests by paying the book value of the merchandise and fixtures. The annual net profit from these partnerships was never less than forty or fifty percent, and often more than one hundred percent, of the investment or book value. Among the taxpayer's partners were Wacker and his wife, and his brother Straus Baker and his wife, and in all of the partnership agreements where husband and wife were partners, it was provided

that only in the event of the death of both husband and wife would the surviving partners have the right to purchase such interest for book value.

Taxpayer entered the armed service in 1942, and when in 1943, it appeared that he would be sent overseas, he decided to get his affairs in order so that his wife would be provided for in the event he did not return. He discussed the matter with his various partners, and they all agreed that he might give one-half of his partnership interests to his wife, and that new agreements would be executed making her a partner. On August 5, 1943, the taxpayer borrowed $11,000.00 from Wacker, $10,-588.93 of which he gave to his wife, and filed a gift tax return covering same. With this, she purchased one-half of taxpayer's interest in the partnerships, effective as of December 31, 1942, and the taxpayer immediately repaid the loan to Wacker. The transaction was handled in this manner on advice of taxpayer's accountant in order to establish the value of the interests for gift tax purposes.

In November, 1943, new partnership agreements were executed containing the same terms and conditions, except that taxpayer's wife was recognized as a partner in the respective amounts, and it was provided, as in respect to the husbands and wives in the former agreements, that only in the event of the death of both taxpayer and his wife would the other partners have a right to purchase their interests for book value. Both the taxpayer and his wife's income from the partnerships was deposited in a joint account, which they had maintained for years since they were married, and both wrote checks on it as they saw fit. The wife filed income tax returns for the years 1943 and 1944, reporting that portion of the income applicable to her interests, and the taxpayer did likewise.

In denying the partnership, the Internal Revenue Agent followed what he deemed to be the philosophy of Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; and Lusthaus v. Commissioner of Internal Revenue, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679. The trial court, however, held that the taxpayer and his wife, together with other partners, really and truly intended to be and were partners in the ventures for income tax purposes; that the formation of the partnership was for business reasons, and the gift of money to the wife to enable her to purchase her partnership interest was motivated by a proper and legitimate reason in no way connected with the avoidance of tax liability.

■■■ Since Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659, the primary and controlling test for income tax purposes is "whether, considering all the facts * * * the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." See also Miller v. Commissioner of Internal Revenue, 6 Cir., 183 F.2d 246, 247; Ginsburg v. Arnold, 5 Cir., 185 F.2d 913; Arnold v. Green, 5 Cir., 186 F. 2d 18. The contribution of capital, labor or skill by the new partner is often important indicia in determining the bona fides of the transaction, but each case must rest on its own facts to ascertain the true intent of the parties, and such mechanical criteria are not conclusive. Eckhard v. Commissioner of Internal Revenue, 10 Cir., 182 F.2d 547.

■■■ The facts in this case present the unusual situation in which neither the taxpayer nor his wife ever participated in the operation or management of the various stores comprising the partnerships. The husband's partnership interest was derived from his connection with the home office and the investment of capital. While the wife did not initially invest capital, labor or skill in the enterprise, the court was warranted in concluding from the evidence that the partnership arrangement was entered into in good faith for sound business reasons quite apart from the avoidance of tax liability.

■■■ The appellant contends for the first time on appeal that conceding arguendo the bona fides of the partnership, it did not take effect until November 1, 1943, when the new partnership agreements were executed or in any event until August 5,

1943, when the wife paid taxpayer for the interest, and that the court erroneously allowed taxpayer and his wife to divide the partnership income for the entire year 1943. It is sufficient to say that no such contention was raised in the pleadings or in the trial court, and it may not now be considered here on appeal.

The judgment is affirmed.