## WELLINGTON v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10519.

United States Court of Appeals
Seventh Circuit.

May 13, 1952.

Spaulding Glass, Theodore R. Scott, Chicago, Ill., for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., Carolyn R. Just, Helen Goodner, John J. Kelley, Jr., Sp. Assts. to Atty. Gen., for respondent.

Before MAJOR, Chief Judge, and KERNER and FINNEGAN, Circuit Judges.

KERNER, Circuit Judge.

This is a petition to review a decision of the Tax Court which determined that no partnership existed between petitioner and his wife for income tax purposes during the year 1943.

On July 1, 1943, petitioner and his wife executed a partnership agreement which recited that they were the equal owners of the tangible assets of a trunk company, and that they agreed to engage in the trunk and case business under the name of Wellington Trunk and Case Company. The agreement provided that petitioner was to receive 60% of the profits, and his wife, 40%.

Petitioner and his wife Blanche were married on June 2, 1919. Blanche's unmarried sister, Ella Husar, came to live with the Wellingtons in 1920 and continued to live with them until her death in December, 1943. She was a dressmaker, deriving an income from this work, but she cooked and kept house for the Wellingtons and brought up their three children. At the time of the marriage, petitioner was employed by the Taylor Trunk Works, and Blanche had been for many years employed as a secretary by Sears, Roebuck and Company. Upon her resignation she received $808.66 from the company, and she had $700 in Liberty Bonds and some cash. She used part of these funds in purchasing her trousseau and dishes, and the remainder was deposited in petitioner's bank account.

In 1930 petitioner and his wife learned of the failure of a business known as McNamara Trunk Works and talked about buying it; they had the $900 with which to buy the assets of the business but had nothing beyond that for use as operating capital. Blanche talked the matter over with her brother Robert who agreed to and did on August 15, 1930, lend petitioner and his wife $2,500 for which they signed notes payable to Robert. At the same time they borrowed $1,000 from Ella and gave her a note for that amount. On August 15, 1930, the assets of the McNamara Trunk

Works were purchased, and the Wellington Trunk and Case Company was incorporated under Illinois law to engage in the manufacture and sale of sample cases, trunks and luggage. The assets acquired from McNamara were sold to the Wellington Company for 20 shares of its stock issued to petitioner. The proceeds of the notes, $3,500, borrowed from Robert and Ella Husar, were paid to the corporation, and, at the wife's suggestion, a certificate for 35 shares was issued in petitioner's name. On July 15, 1931, Robert supplied an additional $2,000 to the corporation for which petitioner and his wife gave him their note for $1,000 and 10 shares of stock.

The money borrowed from Robert and Ella Husar was repaid during the period from 1930 to June 1942 by checks drawn on the account of the company. Some time prior to June 10, 1943, petitioner and his wife spoke to Robert concerning the purchase of his stock, and as a result he accepted $4,200 therefor, and the stock certificates issued to him were cancelled and a new certificate therefor was issued to Blanche.

From the inception of the business, Blanche rendered many services. Until 1934 the business had no office help and she did the general office work at home. She did some bookkeeping, made up all the monthly statements, composed and wrote all letters, and served the company as a comparison shopper, checking on new luggage styles and the prices at which they were being sold by competing firms. She had the responsibility of determining what lines of ladies' luggage should be carried and at what prices the articles would be sold. She assisted in assembling materials and in preparing the layouts for the catalogs which were published periodically by the company. No salary was paid her by the corporation for her services, nor was any salary paid to petitioner, but when money was needed, petitioner drew checks on the corporate bank account, which were charged to an account entitled "Accounts Payable—Officers, No. 2134." Until July 1, 1942, when petitioner and his wife opened a personal joint checking account with a Chicago bank, the corporation's bank ac-

count was the source of all their personal funds.

On June 28, 1943, the stockholders of the Wellington Trunk and Case Company adopted a resolution providing for the abandonment of the corporate franchise, the dissolution of the corporation and the distribution of its assets as of the close of business June 30, 1943.

Neither petitioner nor his wife reported any gain on the liquidation of the corporation, but both, in their 1943 individual income tax returns, reported their respective shares of the income of the partnership for the period from July 1 to December 31, 1943. The Commissioner assessed the deficiency here in issue against petitioner on the ground that, at the time of the dissolution of the corporation, petitioner owned all of the outstanding capital stock of the Wellington Trunk and Case Company, and was taxable on the entire gain realized thereon as well as on the entire net income of the partnership. Petitioner conceded that there was a taxable gain on the dissolution of the corporation, but insisted that he owned only one-half of the outstanding stock and should be taxed on only one-half of the gain, and that in accordance with the partnership agreement he should be taxed on only 60% of the partnership net income.

The Tax Court found that the $3,500 received from the Husars was invested in the business solely in petitioner's behalf and that he alone repaid these loans, hence petitioner was the owner of all the outstanding capital stock of the corporation at the time of its dissolution; that petitioner and his wife did not really and truly intend to join together to conduct the business as a partnership, and there was no partnership for federal income tax purposes. And in its opinion it said: "At no time do we believe the wife participated at a managerial level, contributed vital services, or supplied capital. She may well have had a wifely interest in petitioner's business."

Whether for income tax purposes a partnership exists depends upon the particular facts in each case. The determinative question is whether the partners really intended to join together for the purpose of carrying on the partnership business, sharing its profits or losses or both. If a person contributes capital and valuable services to a partnership, he is entitled to be treated as a bona fide partner for income tax purposes, Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Lusthaus v. Commissioner of Internal Revenue, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Greenberger v. Commissioner of Internal Revenue, 7 Cir., 177 F.2d 990; Funai v. Commissioner of Internal Revenue, 4 Cir., 181 F.2d 890; Stanchfield v. Commissioner of Internal Revenue, 8 Cir., 191 F.2d 826; and Wenig v. Commissioner of Internal Revenue, 85 U.S.App.D.C. 216, 177 F.2d 62. And "The question is not whether the services or capital contributed by a partner are of sufficient importance to meet some objective standard supposedly established by the Tower case [Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L. Ed. 670], but whether, considering all the facts—the agreement, the conduct of the parties in execution of its provisions, their statements, the testimony of disinterested persons, the relationship of the parties, their respective abilities and capital contributions, the actual control of income and the purposes for which it is used, and any other facts throwing light on their true intent—the parties in good faith and acting with a business purpose intended to join together in the * * * conduct of the enterprise." Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 742, 69 S.Ct. 1210, 1214, 93 L.Ed. 1659.

In our case the Tax Court based its conclusion that no partnership existed upon the premise that only petitioner's funds were used in the creation and operation of the Wellington Trunk and Case Company, and that petitioner's wife had only a wifely interest in the business.

Petitioner makes the point that, on the record considered as a whole, it is clear that, although their business was at first conducted in corporate form, petitioner and his wife at all times regarded themselves as partners and were, in fact, joint venturers, entitled to treatment as such for tax purposes. Rupple v. Kuhl, 7 Cir.,

177 F.2d 823. And he contends that his wife invested her independent capital in the business; that she performed valuable and vital services in connection with the business which contributed to its success; and that the arrangement met the requirements of a family partnership.

 The Commissioner calls our attention to the scope of review allowable in a proceeding of this kind. We are aware that we may not weigh the evidence, or pass upon the credibility of the witnesses. It is only when there is no substantial evidence to support the findings that a reviewing court may act to set aside a decision of the Tax Court. But the findings must be treated as clearly erroneous if based upon substantial error in law or unsupported by any substantial evidence, or if supported by evidence, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed, United States v. United States Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746.

Here, the Tax Court, as a basis for its decision that petitioner was the owner of all the outstanding capital stock of the trunk company, found that the $3,500 loaned by the Husars was invested in the business solely in petitioner's behalf and that he alone repaid the money loaned. We believe the evidence to be clear and convincing that petitioner and his wife together borrowed the $3,500 and paid it to the corporation, and that the money so borrowed was repaid to the Husars from the profits of the business. Moreover, we think it clear that petitioner's wife performed vital services in connection with the business. There is no substantial evidence to support a finding to the contrary. The contribution of capital and services is an important indicium in determining whether a partnership exists. Jones v. Baker, 10 Cir., 189 F.2d 842, 844. And when a wife supplies some of the money with which her husband does business, some strong evidence is necessary to support a conclusion that she was not thereby a participant in the venture. Wenig v. Commissioner of Internal Revenue, 85 U.S.App.D.C. 216, 177 F.2d 62, 65.

We conclude, as did the court in Funai v. Commissioner of Internal Revenue, 4 Cir., 181 F.2d 890, 895: "Viewing the totality of the facts, we find no sham or lack of economic reality in this partnership between husband and wife, but, on the contrary, a bona fide intent, actually effected, on the part of both husband and wife, to join together for the purpose of carrying on the business as a partnership, with the attendant consequence of sharing the profits and losses."

The decision of the Tax Court determining a deficiency herein is vacated, and the cause is remanded to the Tax Court for further proceedings not inconsistent with this opinion.