**STOFFIELD v. COMMISSIONER OF INTERNAL REVENUE.**

No. 10749.

United States Court of Appeals
Seventh Circuit.

April 22, 1953.

---

Charles L. Mullen, Milwaukee, Wis., for petitioner.

H. Brian Holland, Asst. Atty. Gen., Dudley J. Godfrey, Jr., and Ellis N. Slack, Sp. Assts. to the Atty. Gen., Washington, D. C., for respondent.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

The Commissioner of Internal Revenue assessed against petitioner taxpayer deficiencies and penalties in the sum of $82,-352.85, in income taxes for the years 1942 to 1947 inclusive, because of unreported income for those years. Upon appeal, the Tax Court entered a judgment approving the assessment, which petitioner now seeks to set aside. The decisive question before us is whether the taxpayer and his wife were partners or engaged in a joint venture during the years mentioned.

The taxpayer, an uneducated man of Polish extraction, resides in Milwaukee. In 1931, when he was married, his wife Julia turned over to him $2000 which she had saved from earnings and $1000 she had received as a wedding present,—$3000 in all. From that time on, they jointly engaged in the dyeing and cleaning business, living in rooms above their business establishment. Julia worked regularly in the shop, waiting on the customers, spotting and packing garments and performing other duties in connection with the business. She received no wages, and the taxpayer claimed no deductions for any compensation paid her. She used some $10 a week, with which to buy groceries and meats for the two of them. She testified that when she turned the $3000 over to her husband, he and she "went into partnership"; that she considered or thought they "were in partnership". She, too, was apparently an unworldly person, with little education, who left entirely to her husband all bookkeeping, such as it was, and deposit of money. However, the bank account was joint and she drew checks upon it to pay business expenses. She apparently never knew what the profits were or what the total expenditures, including income taxes. Joint tax returns for some of the years were signed by both and certain others, though joint in form, were filed by the husband without her signature. She testified that she did not read them. She insisted that title to both the real estate and the personal property, including equipment, be taken and kept in their joint names, and when they sold a business and purchased another, she joined with her husband as grantor in the deed for the real estate and as assignor in the bill of sale for the personal property. Title to the property which they bought was taken by both as "joint tenants." In order to comply with the Bulk Sales law, both joined in 1947 in an affidavit that there were no creditors holding claims on account of merchandise, equipment or other property in the business. The sales contract then executed provided for payment of the purchase price of $35,000 to both jointly. Both certified to the correctness of the inventory of the goods sold. Both joined in a release of a covenant reserved in their joint names. Both signed a depositor's card for the joint bank account and an agreement with the bank that theirs were the only authorized signatures. Numerous checks on the account signed "Sunshine Cleaners" (the trade name) by the wife, were placed in evidence. The only capital furnished by the husband, at the time they were married and the wife advanced $3000, was $1000. At various stages they owned jointly three different establishments, conducting the business of each in the same manner. The foregoing constitutes the only

evidence in the record bearing upon the question of partnership or joint venture.

In this state of the evidence, the Tax Court, one judge sitting, found that the husband was the sole proprietor of the business; that the wife never had any understanding with her husband, "written, oral or implied that she was a partner with him", though she "worked in the business * * * without receiving wages, salary or a part of the profits." Admittedly she had no knowledge, until he told her in 1948, of her husband's surreptitious removal of company cash to his safety deposit box.

██ We have recounted the facts in some detail, for the crucial question is whether, in view of the admitted facts, the Tax Court was justified in drawing an inference that husband and wife were not "partners" or engaged in a "joint venture, or other unincorporated organization, through or by means of which any business * * * or venture is caried on". 26 U.S. C.1946 Ed. § 3797. Under this statute, husbands and wives are properly engaged in a joint venture in business if the wife in good faith invests capital, contributes to the conduct of the business and performs services in helping operate it. Com'r v. Culbertson, 337 U.S. 733, 744, 745, 69 S.Ct. 1210, 93 L.Ed. 1659. The pertinent consequences of the statute and the Supreme Court's interpretation thereof in the Culbertson case and others are adequately expounded in this court's decisions in Wellington v. Commissioner, 7 Cir., 196 F.2d 421, and in Greenberger v. Commissioner, 7 Cir., 177 F.2d 990, 992 and 993, which eliminate any necessity of repetition here. See also Stanchfield v. Commissioner, 8 Cir., 191 F.2d 826, 829; Jones v. Baker, 10 Cir., 189 F.2d 842, 844; Wenig v. Commissioner, 85 U.S.App.D.C. 216, 177 F.2d 62, 63. Indeed all the necessary factors mentioned need not concur. Thus, in Weizer v. Commissioner, 6 Cir., 165 F.2d 772, at page 775 the court said:

"We are of the opinion that in the present case Florence Weizer complied with all of these requirements, although compliance with only one of them is required, and that the Tax Court was in error in not recognizing the validity of the family partnership under the rule so announced." The court continued: "It is well settled in partnership law that the agreement essential to a valid contract may be either expressed in words or implied from conduct. * * * and we give very little effect to the fact strongly relied upon by the Tax Court that there was no express agreement between these parties either written or oral prior to 1942. The Commissioner has successfully contended in many family partnership cases that the formal execution of articles of partnership does not create a partnership for income tax purposes. It is equally true that the failure to execute such articles is not controlling. The nature of the business, its origin, its growth, the work of the parties in their respective fields and their mutual understanding that it was 'our business' easily explain the absence of any formal articles of partnership."

With all due respect to the Tax Court, it seems clear to us that the facts as we have related them, undisputed as they are, support only the finding that the parties here were for the years in question engaged in a joint enterprise which they understood to be a partnership, in which each was financially interested and contributed substantially to the capital assets, to which each devoted all his time, which each was constantly engaged in promoting, in which each could receive and pay out money for business expenses, and the profits from which could belong only to the joint venturers,—the partners. Such are the only reasonable inferences; consequently the finding to the contrary was clearly erroneous.

The judgment is set aside and the cause remanded for further proceedings in accord with this opinion.