## JACKSON
v.
## COMMISSIONER OF INTERNAL REVENUE.
### No. 4664.

United States Court of Appeals
Tenth Circuit.

Oct. 29, 1953.

Bayley Kohlmeier, San Francisco, for petitioner.

Dudley J. Godfrey, Jr., Washington, D. C., (H. Brian Holland and Ellis N. Slack, Washington D. C., on the brief), for respondent.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

The question presented by this appeal is whether the petitioner and his wife were business partners for income tax purposes in the taxable years 1943 and 1944. Finding as a fact that the petitioner and his wife did not intend to join together as partners in the conduct of the business known as Ray Jackson and Sons, the Tax Court sustained the determination of the Commissioner, assessing a deficiency against the petitioner. It is the contention of the petitioner on appeal that the findings and conclusions of the Tax Court are without support in the record and clearly erroneous.

There was testimony to the effect that from 1929 to 1938, Ray Jackson and his two sons engaged in the farming business in and around Syracuse, Kansas. The original investment was approximately $1,500.00 for farming equipment. The operations were conducted on leased land, the father furnishing some capital and advice, and the two sons, petitioner and his brother, doing the work. They operated under partnership agreements drafted from time to time by the father, under which each of the three partners was to share equally in the profits. Petitioner's brother left for Spain in 1938, was later reported missing in action, and never returned. In 1939, a new partnership agreement was executed, under which the petitioner's sister, Dorothy, became a partner with her father and brother. Under this agreement, petitioner was given 4/9ths, the father 4/9ths and the daughter 1/9th.

Prior to 1940, very little, if any, profit was realized from the farming operations. When the partnership would exhaust its bank credit, the father usually advanced necessary operating expenses. The petitioner was paid a salary and

necessary expenses for managing the operations, and the partners drew from the partnership only their bare living expenses. A simple set of books was set up, but no capital account was kept. In 1939, the partnership leased an additional 2500 acres of land. They needed a truck and had no funds with which to purchase one. The petitioner's wife owned a Ford automobile which she had inherited from her former husband. The petitioner offered to give her a one-half interest in his share of the partnership in consideration for the automobile to apply on the purchase price of a truck. After considering the matter several days, she agreed, and the automobile was applied as a $600.00 payment on the purchase price of an $800.00 truck. There was no written agreement between the husband and wife at that time.

In 1940, the partnership realized a small profit, and in 1941, with adequate rainfall and higher wartime prices, the profits soared, in fact they were phenomenal. About that time the petitioner talked to a lawyer in Syracuse, who lived 100 miles away in Dodge City, Kansas, concerning the drafting of a partnership agreement between him and his wife. After several conferences, the agreement, as finally drafted and signed in January 1943, provided that in lieu of all of the wife's claim against the husband for support and maintenance, she agreed to accept the 2/9ths interest in the partnership property, and each formally waived the right to inherit from the other. Nothing was said about the Ford automobile being a part of the consideration. About the same time, the partners entered into a new agreement under which the wife's 2/9ths share in the partnership property was recognized. All of the partnership agreements specifically provided that the petitioner would be manager of the business for a stipulated salary. None of the partnership profits were to be distributed except on vote of a majority of the partners.

Before and during the taxable years in question, the wife drew out only such sums as were needed for her personal and household expenses. These sums were paid by check drawn by the petitioner, she having no authority to draw on the partnership account. At no time was any of the capital of the partnership set aside to the partners on the partnership books. The petitioner drew from the partnership funds $15,727.27 in 1943 and $14,077.67 in 1944, while his wife drew $2,525.00 and $7,059.02 respectively. The wife did not participate in the farming operations further than to take care of the house and consult with the partners from time to time concerning matters of investment.

It is the petitioner's theory that the 1943 agreement between him and his wife merely reduced to writing the oral agreement of 1939, under which she became a partner in consideration for her capital contribution in the form of her automobile. The Tax Court found as a fact that none of the partnership capital at the beginning of 1943 represented the outgrowth of any capital contributed by the wife in 1939. This finding is based upon the objective manifestations of the parties' intentions, such as the lack of any formal assignment of petitioner's interest to the wife in 1939, or recognition of such interest in the ensuing partnership agreements; the failure of the partnership books, opened for the first time in 1942, to indicate that the wife had made any capital contribution, or that she owned any share in the partnership account or in any way participated in the partnership profits; and the failure of the petitioner and his father to represent to the bank or any other business contact during that period that the petitioner's wife was a partner. The Court also thought it significant that in none of the partnership income tax returns prepared and filed for the partnership for the years 1939, 1940, 1941 and 1942, in which the number of partners, the individuals, and their respective interests were set forth, was the wife mentioned or treated as one of the partners. The petitioner and his father explained that the simple set of books kept during this period of time did not purport to set

out the capital account allocable to the various partners or to set aside the partners' share of the profits; and that they did not hold the wife out as a partner in the business at the bank because of the banker's aversion to women as parties to banking transactions. Petitioner testified that he did not show the wife as a partner in the partnership income tax returns because he "didn't have anything in writing to substantiate it." The Tax Court was unconvinced by the explanation.

This case lacks the continuity of interest shown in Graber v. Commissioner, 10 Cir., 171 F.2d 32, where the wife contributed original capital and actively participated in the affairs of the business from the beginning and throughout partnerships to which she was not a partner; or in Eckhard v. Commissioner, 10 Cir., 182 F.2d 547, where the wife contributed original capital and actively participated in the business; or Jones v. Baker, 10 Cir., 189 F.2d 842, where the wife purchased an interest in a partnership to which the husband had been a partner with funds borrowed from the partnership. In that case, it was significant that neither the husband nor the wife directly participated in the partnership business, but merely held an interest in the partnership as an investment. The case also lacks the continuity of interest manifested in Bratton v. Commissioner, 10 Cir., 193 F.2d 416, where the wife's skilled business management was an important factor in the success of the business, and where there was a mutuality of effort between husband and wife. The case is also clearly distinguishable from Nicholas v. Davis, 10 Cir., 204 F.2d 200, where the wife's contribution to the partnership consisted of funds received from her husband as a gift, but where her full share of partnership profits was set aside to her for her exclusive control and use and none of which was expended for household expenses. Indeed, the case is more like Trapp v. United States, 10 Cir., 177 F.2d 1, where, although the wife contributed some original capital, she never participated in the management of the business or exercised any control over its affairs, or was recognized as a partner until the tax consequences became important.

The decision of the Tax Court is affirmed.