**HIGHLAND HILLS SWIMMING CLUB, INC., a corporation, Appellant,**

v.

**Earl R. WISEMAN, District Director Internal Revenue, Appellee.**

No. 6072.

United States Court of Appeals Tenth Circuit.

Nov. 17, 1959.

Ram Morrison, Oklahoma City, Okl., for appellant.

James P. Turner, Atty., Dept. of Justice, Washington, D. C. (Charles K. Rice,

Asst. Atty. Gen., and Lee A. Jackson and Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., were with him on the brief), for appellee.

Before PICKETT and BREITEN-STEIN, Circuit Judges, and KNOUS, District Judge.

KNOUS, District Judge.

This was an action brought by the Highland Hills Swimming Club, Inc.[1] against the District Director of Internal Revenue for a refund of taxes paid in the fiscal years 1954 and 1955.

The facts are largely undisputed. Prior to 1951 a partnership consisting of Jacqueline O'Shea, Dan M. O'Shea, R. E. L. Finley, Jerline Dick Finley and Robert W. Finley bought in the individual names of the partners a tract of land located in Oklahoma City, Oklahoma. This tract of land was leased to Louis Priddy and Pauline Priddy who sold an option to buy the lease to one of the owners, Robert W. Finley. A club was formed called the Branding Iron Club.[2] The stockholders of the Club fluctuated during the period involved but were basically Jacqueline O'Shea, R. E. L. Finley, Jerline Dick Finley and Robert W. Finley. The club purchased the option to buy the lease and exercised it. However, a new ten year lease between the individual owners and the club was entered into on September 29, 1951. Subsequently, the individual owners of the tract formed a corporation, Highland Beach, Inc., to which they transferred the land. During 1953 it was decided that it was desirable to have a swimming pool for the use of members of the club. To carry out this plan the taxpayer was organized. Its basic stockholders were Jacqueline O'Shea and Dan M. O'Shea, but Robert W. Finley was an officer thereof at one time. On June 1, 1953 the club leased to the taxpayer a fraction over three acres of its tract of land upon which the swimming pool here involved was built. As of March 31, 1956 the overall cost of the pool was almost $54,-000. There was conflicting evidence in the court below as to the stated period of time covered by the lease to the taxpayer but the court found that it was for a stated period of time of one hundred months, thus terminating at the same time as the lease from Highland Beach to the club.

The relationship of the other stockholders to Jacqueline O'Shea was as follows: Dan M. O'Shea, husband; R. E. L. Finley, father; Jerline Dick Finley, mother; Robert W. Finley, brother.

In April or May of 1957 an investigation by an Internal Revenue Agent disclosed that for some months the $150 per month rental had not been paid by the taxpayer for fiscal year 1955 and none had been paid for fiscal year 1956.

The taxpayer paid tax on its income for the fiscal years ending March 31, 1954 and 1955. Thereafter, on January 10, 1957 the taxpayer filed claims for refund for the fiscal years ending March 31, 1954 and 1955 on the ground that it had a net operating loss for the fiscal year ending March 31, 1956 in the amount of $3,930.99, and was therefore entitled to the benefit of the carry back provisions of Title 26 U.S.C.A. § 172. The claims for refund were not allowed. The taxpayer then filed this suit to recover the refunds claimed to be due.

On October 25, 1957, the United States filed a petition in intervention in this action and asked to recover $852.48 plus interest as a result of an unpaid deficiency assessment for the period June 1, 1953 to March 31, 1954, and for an additional $1,158.30 plus interest for the period April 1, 1954 to March 31, 1955. The refund refusal and alleged deficiencies were the result of the taxpayer's depreciating the swimming pool over the stated period covered by the lease rather than the useful life of the pool.

The case was tried to the court who concluded that the taxpayer should have no refund and that the United States

1. Hereinafter called the taxpayer.

2. Hereinafter called the club.

should recover in accordance with the prayer of its intervening petition. From this decision the taxpayer appeals.

The sole issue in this case is whether for tax purposes the swimming pool here involved is to be amortized over the stated period of the taxpayer's lease or must be depreciated over its useful life. Which of these two alternatives is correct depends on whether the stated periods of the leases, one from the individuals to the club and the other from the club to the taxpayer, are to be recognized as controlling for tax purposes.

■ The law in this area is clear and no dispute on the legal principles is apparent between the parties. If the stated period of the lease is not recognized and the lease is found to be of indefinite duration the improvement must be depreciated over its useful life. Standard Tube Co. v. Commissioner of Internal Revenue, 6 T.C. 950, 955; Kerr-Cochran, Inc. v. Commissioner of Internal Revenue, 30 T.C. 69, 79; George H. Bowman Co. v. Commissioner of Internal Revenue, 59 App.D.C. 13, 32 F.2d 404. If the stated period of the lease is recognized as controlling and the lease is therefore one of definite duration, the improvement is to be amortized over the period of the lease or the useful life of the improvement, whichever is the shorter. Fort Wharf Ice Company v. Commissioner of Internal Revenue, 23 T.C. 202, 207, 208; Duffy v. Central R. Co., 268 U.S. 55, 62, 45 S.Ct. 429, 69 L.Ed. 846; Treasury Regulations, Sec. 1.167(a)–4.

■ The courts treat determinations of the substance of transactions or arrangements as questions of fact. Bratton v. Commissioner of Internal Revenue, 10 Cir., 193 F.2d 416; Commissioner of Internal Revenue v. Pope, 1 Cir., 239 F.2d 881; Golden Construction Co. v. Commissioner of Internal Revenue, 10 Cir., 228 F.2d 637; Wichita Terminal Elevator Co. v. Commissioner of Internal Revenue, 10 Cir., 162 F.2d 513. Thus, whether the leases involved here were in substance of definite or indefinite duration is a question of fact. Consequently, we will not reverse the finding by the trial court that the lease was of indefinite duration unless such finding is clearly erroneous. Rule 52(a) Federal Rules of Civil Procedure, 28 U.S. C.A.; Bratton v. Commissioner of Internal Revenue, 10 Cir., 193 F.2d 416; Golden Construction Co. v. Commissioner of Internal Revenue, 10 Cir., 228 F.2d 637. In determining the substance of a transaction or arrangement, the courts are to consider all the circumstances which throw light on its nature. Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 741, 742, 69 S.Ct. 1210, 93 L.Ed. 1659; Eckhard v. Commissioner of Internal Revenue, 10 Cir., 182 F.2d 547; Jones v. Baker, 10 Cir., 189 F.2d 842. From the findings of fact it appears that the court below considered four factors as being of particular importance in deciding that the leases were of indefinite duration. Those four factors were the relationship of the parties concerned, failure of the taxpayer to pay all of the rental, the fact that the swimming pool was an integral part of the club, and the cost of the improvements made by the taxpayer. The existence of only one of these factors is challenged by the taxpayer in his statement of points on appeal. The taxpayer denies that the swimming pool was an integral part of the club. However, testimony of the taxpayer's own witness, Robert W. Finley, who was at one time an officer of the taxpayer, was that the taxpayer was organized to provide a swimming pool for the members of the club replacing a lake which had been previously used by the members for swimming, and another of the taxpayer's witnesses, Allen J. Plank, testified that the pool was financed almost totally by the club and its members. There was no evidence to the contrary. Thus substantial evidence supports the finding that the swimming pool was an integral part of the club and the finding is not clearly erroneous.

■ After considering the relevant factors the court below found that "[t]he

taxpayer had a lease for an indefinite duration of the premises on which a swimming pool was constructed." It is difficult to see how the trial court could have found otherwise. It is settled that the provisions of written documents are not necessarily conclusive for tax purposes. Wichita Terminal Elevator Co. v. Commissioner of Internal Revenue, 10 Cir., 162 F.2d 513, West v. Commissioner of Internal Revenue, 5 Cir., 150 F.2d 723.

■ More importantly, in determining the character of any transaction or arrangement for tax purposes the substance rather than the form is controlling. Commissioner of Internal Revenue v. Court Holding Co., 324 U.S. 331, 334, 65 S.Ct. 707, 89 L.Ed. 981; Higgins v. Smith, 308 U.S. 473, 477, 60 S.Ct. 355, 84 L.Ed. 406; Finley v. Commissioner of Internal Revenue, 10 Cir., 255 F.2d 128, 131. That leases or terms of leases may be disregarded under this principle is clear. W. H. Armston Co. v. Commissioner of Internal Revenue, 5 Cir., 188 F.2d 531, 26 A.L.R.2d 698; Kerr-Cochran, Inc. v. Commissioner of Internal Revenue, 30 T.C. 69; Oppenheim's, Inc. v. Kavanagh, D.C.E.D.Mich., 90 F. Supp. 107.

In the instant case the fact that the stockholders of the corporations involved are identical or related makes possible the continuation of the present lease arrangement as long as it is advantageous. That the parties involved can be expected to continue the present arrangement as long as it is advantageous has been borne out in practice since, although the lease contains distraint rights in case of non-payment of rent, the rent was not paid over a considerable period of time and the distraint rights were not exercised by the lessor, thus allowing the present arrangement to continue.

Since the stockholders of the corporations are identical or related, thus making possible the continuation of the lease, the factors determining how long it will be advantageous to continue the present operation are far more important than the stated period of the lease in determining its duration. And the continuance as long as it is advantageous is, of course, characteristic of an indefinite lease.

The unlikelihood of termination of the lease at the end of one hundred months is shown by the fact that the pool is an integral part of the club and can be expected to be kept in operation in conjunction with the club. That the operation of the club and swimming pool is expected by the stockholders to continue after the termination of the stated period of the lease is evidenced by the fact that as of March 31, 1956 almost $54,000 had been invested in the pool even though the stated period of the lease was only one hundred months.

■ Thus, the finding that the lease was of indefinite duration is not clearly erroneous and is, therefore, binding on this court. However, even if this court could draw its own inference free from the restraining import of the so-called clearly erroneous rule (See Riedel v. Commissioner of Internal Revenue, 5 Cir., 261 F.2d 371; Philber Equipment Corp. v. Commissioner of Internal Revenue, 3 Cir., 237 F.2d 129; Yunker v. Commissioner of Internal Revenue, 6 Cir., 256 F.2d 130), it would find that the lease was in substance one of indefinite duration for the reasons given above.

■ The depreciation therefore must be calculated on the basis of the useful life of the swimming pool which, it was agreed, is twenty years. The determination of the taxpayer's tax liability on this basis by the trial court is, therefore, correct and the judgment is affirmed.