**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DAVID H. METHVIN,

      Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

      Respondent - Appellee.

No. 15-9005
(CIR No. 28477-13)
(Tax Court)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

This appeal involves characterization of Mr. David H. Methvin's

participation in certain oil and gas ventures. If Mr. Methvin's participation

in those ventures constituted a partnership, he would have to pay a self-

employment tax on the income he received from the ventures. *See* I.R.C.

§ 1402(a); Treas. Reg. § 1.1402(a)-2(d). The Tax Court determined that

Mr. Methvin's participation in the ventures qualified as a partnership. As a

_____

[*]    The parties have not requested oral argument, and we do not believe
it would be helpful. As a result, we are deciding this appeal based on the
briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But our order and judgment may be cited for its persuasive value under
Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

consequence, the Tax Court concluded that Mr. Methvin owed the Internal Revenue Service $690 for self-employment tax based on his 2011 income. Mr. Methvin appeals, and we affirm.

Mr. Methvin owns working interests of 2-3% in various oil and gas ventures. For these ventures, Mr. Methvin entered into both a purchase agreement and an operating agreement with the operator.

For the 2011 tax year, the operator designated Mr. Methvin's income as nonemployee compensation and did not send a Schedule K-1 (for partner income) to Mr. Methvin. Mr. Methvin paid federal income taxes on his 2011 income, but he did not pay a self-employment tax on his income from the oil and gas ventures. The Tax Court determined that Mr. Methvin's arrangement with the operator constituted a partnership under the Internal Revenue Code. On that basis, the Tax Court concluded that Mr. Methvin should have paid a self-employment tax based on his income from the oil and gas ventures.

The existence of a partnership involves a factual finding, which we review only for clear error. *Bratton v. Comm'r*, 193 F.2d 416, 418 (10th Cir. 1951).

In determining whether the district court committed a clear error, we are guided by the statutory definition of the term "partnership." Under the Internal Revenue Code, a partnership

- "includes a syndicate, group, pool, joint venture, or other unincorporated organization"

- through which business is carried on

- so long as the business does not constitute a trust, estate, or corporation.

I.R.C. § 7701(a)(2). This definition extends beyond many states' definitions of a "partnership." *See Madison Gas & Elec. Co. v. Comm'r*, 633 F.2d 512, 515 (7th Cir. 1980); Treas. Reg. § 301.7701-1(a)(1), (2).

Mr. Methvin argues that his involvement with the operator does not qualify as a partnership because (1) his working interests are not governed by a separate organization and (2) he is merely a passive investor. The district court could reasonably reject these arguments in light of the broad statutory definition of the term "partnership." Under this definition, the Tax Court could justifiably characterize the arrangement between Mr. Methvin and the operator as a partnership.

Under the purchase agreement, Mr. Methvin had a direct operating interest in the ventures and enjoyed the rights to

- inspect receipts, vouchers, insurance policies, legal opinions, drilling logs and reports, copies of drill stem tests, core analyses, electrical surveys, geological reports, and other records involving wells that had been drilled, and

- audit the books and records.

Mr. Methvin not only shared these rights with the operator, but also shared the costs. For example, Mr. Methvin bore responsibility for monthly costs in proportion to his share of the working interests.

In addition, the operating agreement characterizes the venture as the "development, operation and management" of the "[j]oint [p]roperty." R., Doc. 9, Exh. 3-J at 11. Under the operating agreement, Mr. Methvin could

- enter the property to inspect the operations,

- obtain any information reasonably requested regarding development and operation, and

- inspect the operator's records.

A similar issue arose in *Cokes v. Commissioner*, 91 T.C. 222 (1988). There, the working-interest owner argued that she owned only a minority interest and that her income involved only passive participation as an investment. 91 T.C. at 228. The Tax Court disagreed, concluding that the arrangement between the operator and the working-interest owners established a partnership. *Id.* at 232. The court reasoned that the working-interest owners shared costs and proceeds, had a formal written agreement, and carried on a business together. *Id*.

*Cokes* is persuasive, as both parties appear to recognize. *See Esgar v. Comm'r*, 744 F.3d 648, 652 (10th Cir. 2014) ("Rulings by the Tax Court on matters of tax law are . . . persuasive authority, especially if consistently followed."). Like the working-interest owner in *Cokes*, Mr. Methvin lacks

4

managerial responsibility. But the absence of managerial responsibility was not controlling in *Cokes*. *Id.* at 233.

Mr. Methvin points out that his circumstances differ from many of the circumstances in *Cokes*. For example, the working-interest owner in *Cokes* enjoyed some decision-making rights that Mr. Methvin does not have. These differences might have led the Tax Court to arrive at a different factual finding here, for "each case must rest on its own facts." *Jones v. Baker*, 189 F.2d 842, 844 (10th Cir. 1951). But the Tax Court did not clearly err by characterizing Mr. Methvin's arrangement with the operator as a partnership.[1] In the absence of clear error, we uphold the Tax Court's finding that the arrangement constituted a partnership.

---

[1]    The existence of a partnership depends on the parties' intent, which is discerned from all the facts. *Comm'r v. Culbertson*, 337 U.S. 733, 741-42 (1949); *Comm'r v. Tower*, 327 U.S. 280, 286-87 (1946). The Tax Court has recognized multiple considerations bearing on this issue, including

> [t]he agreement of the parties and their conduct in executing its terms; the contributions, if any, which each party has made to the venture; the parties' control over income and capital and the right of each to make withdrawals; whether each party was a principal and coproprietor, sharing a mutual proprietary interest in the net profits and having an obligation to share losses, or whether one party was the agent or employee of the other, receiving for his services contingent compensation in the form of a percentage of income; whether business was conducted in the joint names of the parties; whether the parties filed Federal partnership returns or otherwise represented to respondent or to persons with whom they dealt that they were joint venturers; whether separate books of account were maintained for the venture; and whether the parties exercised

5

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

mutual control over and assumed mutual responsibilities for the enterprise.

*Luna v. Comm'r*, 42 T.C. 1067, 1077-78 (1964). Although the Tax Court did not expressly apply each of these considerations, either in *Cokes* or in this case, the Tax Court's findings sufficiently encompassed the required analysis.  Mr. Methvin does not argue otherwise.